UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| JOSEPH RINALDI, | Civil No.   08-cv-1637-L (POR) |
|---|---|
| Petitioner, | **REPORT AND RECOMMENDATION THAT RESPONDENT'S MOTION TO DISMISS WRIT OF HABEAS CORPUS BE DENIED** |
| v. | |
| M.E. POULOS et al., | |
| Respondent. | **[Document No. 9]** |

## I. INTRODUCTION

Petitioner Joseph Rinaldi, a state prisoner proceeding *pro se*, has filed a Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent moves to dismiss the Petition, asserting Petitioner has failed to exhaust his state-court remedies.  (Doc. 9).  Petitioner filed an opposition to the motion, asserting he has fully exhausted his state-court remedies.  (Doc. 16).  In accordance with Local Rule 72.1(d), this Court recommends Respondent's Motion to Dismiss be **DENIED**.

## II. PROCEDURAL BACKGROUND

On September 28, 2006, Petitioner entered a negotiated guilty plea to burglary, two counts of grand theft of a firearm, and grand theft of personal property.  (Doc. 1).  Petitioner also admitted the truth of a strike prior allegation, a serious-felony-prior-conviction allegation, and a prior-prison-term allegation.  At Petitioner's sentencing hearing on October 31, 2006, the trial court dismissed the strike and the prison prior, and sentenced Petitioner to an aggregate term of six years and four months.

Petitioner appealed the judgment. On September 5, 2007, the state appellate court unanimously affirmed the judgment, and remanded the case to the trial court for a minor correction of the abstract of judgment. (Lodgment 1). Petitioner did not seek further direct review of the judgment in the California Supreme Court. (Lodgment 2 at 5).

On January 22, 2008, Petitioner filed a petition for writ of habeas corpus in the California Supreme Court, raising the following issues: (1) "Extremely ineffective aid from counsel; blatant misadvisals from P.C.C.[1] counsel clear violations of U.S. Const. rights, Due Process of Law rights, 6th, 8th, and 14th. Illegal imposition of an enhancement in violations of USCA Art. I, section 10, cl. 1. Ex post facto and retrospective laws of U.S. Const., violations of separation of powers."(Lodgment 2, at 3-4); (2) "Denial of P.C. 995 motion vital to the defense and stating federally constitutionally mandated laws and amendment rights stating Supreme Court cases well-established and known by the judicial system, violations of U.S. Constitutional Amendment rights 4th, 5th, 6th, and 14th Amend. and Art. 10 USCA evidence suppression." Id.; (3) "Illegal unconstitutional imposition of a five years enhancement in violations of constitutional federal expost facto retroactive prohibitions." (Supp Lodgment 1 at 64); (4) "U.S. federal violations of constitutional rights 14th amendment due process of law deprivation of liberty without due process, ineffective aid from counsel failures by P.C.C. counsel misadvisals, mislead, denial of promise pre custody credits." Id. at 85; and (5) "Abuse of discretion by court 'prejudicial' constitutional violations of due process of law, 'breached plea agreement,' misadvisals of counsel resulting in unknowingly and unintelligently signing of breached plea, plea was the result of unconstitutional coercion, the Petitioner was under 'psychiatric treatment and psychiatric medications." Id. at 96. On August 13, 2008, the California Supreme Court denied the petition without comment or citation. (Lodgment 3).

On September 8, 2008, Petitioner filed the instant federal Petition. (Doc. 1). On September 11, 2008, the Court issued an Order requiring a response to the Petition. (Doc. 5).

On September 22, 2008, Petitioner filed a Notice of Request for Voluntary Dismissal of his unexhausted claims. (Doc. 7). On October 17, 2008, the Court denied Petitioner's request for

---

[1] Petitioner refers to Private Conflict Counsel as P.C.C. counsel.

voluntary dismissal without prejudice based on his failure to state which claims he perceived to be unexhausted. (Doc. 8).

Upon reviewing the relevant documents in this case, it became apparent to the Court that Respondent's lodgment of Petitioner's Petition for Writ of Habeas Corpus filed with the California Supreme Court was incomplete. Accordingly, on January 28, 2009, the Court requested Respondent lodge the complete Petition for Writ of Habeas Corpus. Based on the complete file, this Court recommends Respondent's Motion to Dismiss be **DENIED**.

### III. DISCUSSION

Petitioner raises six grounds for relief in this Petition. Petitioner alleges: (1) ineffective assistance of counsel; (2) improper denial of Petitioner's Cal. Penal Code section 995 motion; (3) violations of ex post facto laws by the prosecution's use of a prior felony enhancement; (4) denial of due process in calculation of custody credits; (5) abuse of power by the prosecution; and (6) breach of Petitioner's plea agreement.

Respondent argues this Petition should be dismissed because Petitioner has failed to exhaust available state-court remedies on all grounds for relief. (Doc. 9 at 3). Specifically, Respondent contends Petitioner exhausted only his first and second ground for relief when he presented them to the California Supreme Court on direct and collateral review. Id. Respondent argues grounds three, four, five, and six are unexhausted because Petitioner did not present these claims to the California Supreme Court. Id. at 3-4.

Because this case was filed after April 24, 1996, it is governed by the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA"). Lindh v. Murphey, 521 U.S. 320, 336 (1997). AEDPA requires that a writ of habeas corpus not be granted unless it appears that the petitioner has exhausted all available state court remedies. 28 U.S.C. § 2254(b)(1) (Westlaw 2007); see also Coleman v. Thompson, 501 U.S. 722, 731 (1991). However, AEDPA also states that "[a]n application for writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (Westlaw 2007). AEDPA does not bar federal habeas corpus relief because of a prisoner's "failure to exhaust state remedies no longer available at the time habeas is sought," but requires only an

1 exhaustion of those "remedies still open to the habeas applicant at the time he files his application in
2 federal court." Keener v. Ridenour, 594 F.2d 581, 584 (1979). Accordingly, a petitioner can satisfy
3 exhaustion pursuant to AEDPA by either: 1) fairly and fully presenting each federal claim to the
4 state's highest court, or 2) showing there is no state remedy available. Johnson v. Zenon, 88 F.3d
5 828, 829 (9th Cir. 1996).

**A.   Exhaustion by Fairly and Fully Presenting Each Federal Claim to the State's Highest Court**

To satisfy exhaustion, a petitioner must provide the state courts one full opportunity to rule on his federal habeas claims before presenting those claims to the federal court. See O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999) (requiring petitioners to give state courts a "fair opportunity to act on their claims," that is, "one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process"). In order to provide the state courts this opportunity, the petitioner must fairly present each federal claim to the state's highest court. Therefore, to exhaust a habeas claim properly, a petitioner must present his claim to the California Supreme Court on (1) direct review (e.g., via a petition for review), or (2) collateral review (e.g., via a petition for a writ of habeas corpus). See Reiger v. Christensen, 789 F.2d 1425, 1427 (9th Cir. 1986).

A claim is fairly presented if petitioner allowed the California Supreme Court a fair opportunity to rule on the merits of every issue raised in his federal habeas petition. Granberry v. Greer, 481 U.S. 129, 133-34 (1987); see also Anderson v. Harless, 459 U.S. 4, 6 (1982) (stating that a claim is fairly presented if the petitioner has described the operative facts and the federal legal theory on which the claim is based so that the state courts have a fair opportunity to apply controlling legal principles to the facts bearing upon his constitutional claim). A "mere similarity between a claim of state and federal error is insufficient to establish exhaustion." Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999). Also, to fairly present a federal claim to the state court the petitioner must alert the state court to the fact that he is asserting a federal claim. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir. 2000), as amended upon denial of hearing en banc, 247 F.3d 904 (9th Cir. 2001) (holding that "a petitioner for

1  habeas corpus relief under 28 U.S.C. § 2254 exhausts available state remedies only if he
2  characterized the claims he raised in state proceedings specifically as federal claims"). The
3  petitioner must make the federal basis of the claim explicit either by specifying particular provisions
4  of the federal constitution or statutes, or by citing to federal case law. Insyxiengmay v. Morgan, 403
5  F.3d 657, 668 (9th Cir. 2005). Such explicit fair presentation must be made not only to the trial or
6  post-conviction court, but to the state's highest court as well. Baldwin v. Reese, 541 U.S. 27, 32
7  (2004).

8        The Ninth Circuit has stated that "the Petitioner must refer to federal law in state court
9  explicitly [but] exhaustion is satisfied once the Petitioner makes that explicit reference even if
10 Petitioner relies predominantly on state law before the state courts." Insyxiengmay, 403 F.3d at 668.
11 In Jones v. Smith, exhaustion was satisfied when "Petitioner's state court briefs explicitly invoked
12 his Sixth Amendment right.....Such invocation...was sufficient to keep the issue alive in state courts,
13 notwithstanding the fact that his state court briefs predominantly cited state court cases." 231 F.3d
14 1227, 1231 (9th Cir. 2000).

15       **1.**    **Ground Three: Violation of Ex Post Facto Laws**

16       Ground three of the Petition alleges a violation of ex post facto laws by the prosecution's use
17 of a prior felony enhancement. (Doc. 1-4 at 1). Petitioner exhausted this ground for relief when he
18 presented it to the California Supreme Court on collateral review. (Lodgment 2 at 3; Supp
19 Lodgment 1 at 6, 64-68). Petitioner argues the imposition of a five year enhancement violates the
20 prohibition against ex post facto laws and explicitly cites the United States Constitution and federal
21 case law to support this ground. (Lodgment 2 at 3). Specifically, Petitioner cites U.S.C.A. article 1,
22 section 10, clause 1 and federal cases Calder v. Bull, 3 U.S. 386 (1798), Collins v. Youngblood, 497
23 U.S. 37 (1990), and Weaver v. Graham, 450 U.S. 24, 29-31 (1981). Petitioner's explicit reference to
24 federal case law apprised the state court of the federal nature of this ground for relief. See Duncan
25 v. Henry, 513 U.S. 364, 365-66 (1995). Therefore, Petitioner provided the state court a full
26 opportunity to rule on the third ground of relief before presenting it to this Court and accordingly,
27 ground three is exhausted.
28 //

### 2.     Ground Four: Miscalculation of Custody Credits

Ground four of the Petition alleges a miscalculation of Petitioner's custody credits. (Doc. 1-5 at 1). Petitioner exhausted this ground for relief when he presented it to the California Supreme Court on collateral review. (Supp Lodgment 1 at 8, 85-89). Petitioner argues his custody credits were miscalculated and explicitly cites a federal statute to support this ground. Id. Specifically, Petitioner cites U.S.C.A. article 18, section 3585, which states a defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences. Id. at 85, 89. Petitioner's explicit reference to the federal statute apprised the state court of the federal nature of this ground for relief. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Therefore, Petitioner provided the state court a full opportunity to rule on the fourth ground of relief before presenting it to this Court and accordingly, ground four is exhausted.

### 3.     Ground Five: Abuse of Power by Prosecution

Ground five of the Petition alleges abuse of power by the prosecution for suppression of evidence and discriminatory prosecution. (Doc. 1-6 at 1; Supp Lodgment 1 at 36). Petitioner exhausted this ground for relief when he presented it to the California Supreme Court on collateral review. (Lodgment 2 at 4; Supp Lodgment 1 at 15-17; 36-38). Petitioner alleges the prosecution's suppression of evidence violates his due process and fair trial rights. (Supp Lodgment 1 at 37). Further, Petitioner argues he was denied equal protection because he was singled out for prosecution. Id. at 36. To support these grounds, Petitioner explicitly cites several federal cases. (Lodgment 2 at 4; Supp Lodgment 1 at 17, 36, 38). Specifically, Petitioner cites Brady v. Maryland, 83 S. Ct. 1194 (1963), Arizona v. Youngblood, 458 U.S. 451 (1988), Yick Wo v. Hopkins, 118 U.S. 356 (1886), U.S. v. Russell, 411 U.S. 423 (1973), and Oyler v. Boles, 368 U.S. 448, 456 (1962). Id. Petitioner's explicit reference to the due process clause, the equal protection clause, and federal case law apprised the state court of the federal nature of this ground for relief. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Therefore, Petitioner provided the state court a full opportunity to rule on the fifth ground of relief before presenting it to this Court and accordingly, ground five is exhausted.

//

### 4. Ground Six: Breach of Petitioner's Plea Agreement

Ground six of the Petition alleges a breach of Petitioner's plea agreement. (Doc. 1-6 at 1). Petitioner exhausted this ground for relief when he presented it to the California Supreme Court on collateral review. (Supp Lodgment 1 at 14, 16, 85, 96-99). Petitioner contends his guilty plea was the result of coercion in violation of his fundamental rights to fair trial and due process. To support this ground, Petitioner explicitly cites several federal cases. Id. at 96,99. Specifically, Petitioner cites Boykin v. Alabama, 395 U.S. 238 (1965), Duncan v. Louisiana, 391 U.S. 145 (1968), Hill v. Lockhart, 474 U.S. 52 (1985), U.S. v. Russell, 411 U.S. 423 (1973), and Santabello v. New York, 404 U.S. 257, 262 (1971). Id. Petitioner's explicit reference to federal case law apprised the state court of the federal nature of this ground for relief. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995). Therefore, Petitioner provided the state court a full opportunity to rule on the sixth ground of relief before presenting it to this Court and accordingly, ground six is exhausted.

### IV. CONCLUSION

After a thorough review of the record in this matter and based on the foregoing analysis, it is evident Petitioner has exhausted all available state-court remedies on all grounds for relief. Based thereon, it is recommended that Respondent's Motion to Dismiss be **DENIED**.

This Report and Recommendation of the undersigned Magistrate Judge is submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

IT IS HEREBY ORDERED that **no later than March 9, 2009**, any party may file and serve written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

//
//
//
//
//
//

1  IT IS FURTHER ORDERED that any reply to the objections shall be filed and served **no later than ten days** after being served with the objections. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. Martinez v. Y1st, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

**IT IS SO ORDERED.**

DATED: February 11, 2009

_____
LOUISA S PORTER
United States Magistrate Judge

cc:     The Honorable M. James Lorenz
        all parties