UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH RINALDI,<br><br>　　　　　　　　　　Petitioner,<br><br>　v.<br><br>M.E. POULOS et al.,<br><br>　　　　　　　　　　Respondent. | Civil No.　08-cv-1637-L (POR)<br><br>**ORDER DENYING WITHOUT PREJUDICE REQUEST FOR APPOINTMENT OF COUNSEL**<br><br>[Document No. 20] |

On March 20, 2009, Petitioner, a state prisoner proceeding *pro se*, filed a Notice of Request and Declaration for Appointment of Counsel to continue pursuing his petition for a writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. (Doc. 20).

The Sixth Amendment right to counsel does not extend to federal habeas corpus actions by state prisoners. McCleskey v. Zant, 499 U.S. 467, 495 (1991); Chaney v. Lewis, 801 F.2d 1191, 1196 (9th Cir. 1986); Knaubert v. Goldsmith, 791 F.2d 722, 728 (9th Cir. 1986). However, financially eligible habeas petitioners seeking relief pursuant to 28 U.S.C. § 2254 may obtain representation whenever the court "determines that the interests of justice so require.'" 18 U.S.C. § 3006A(a)(2)(B) (West Supp. 1995); Terrovona v. Kincheloe, 912 F.2d 1176, 1181 (9th Cir. 1990); Bashor v. Risley, 730 F.2d 1228, 1234 (9th Cir. 1984).

In the Ninth Circuit, "[i]ndigent state prisoners applying for habeas relief are not entitled to appointed counsel unless the circumstances of a particular case indicate that appointed counsel is necessary to prevent due process violations." Chaney, 801 F.2d at 1196; Knaubert, 791 F.2d at 728-29. A due process violation may occur in the absence of counsel if the issues involved are too

1 | complex for the petitioner.  In addition, the appointment of counsel may be necessary if the
2 | petitioner has such limited education that he or she is incapable of presenting his or her claims.
3 | Hawkins v. Bennett, 423 F.2d 948, 950 (8th Cir. 1970).
4 | "The procedures employed by the federal courts are highly protective of a pro se petitioner's
5 | rights.  The district court is required to construe a pro se petition more liberally than it would
6 | construe a petition drafted by counsel."  Knaubert, 791 F.2d at 729 (citing Haines v. Kerner, 404
7 | U.S. 519, 520 (1972) (holding pro se complaint to less stringent standard) (per curiam)); Bashor, 730
8 | F.2d at 1234.
9 | Here, Petitioner requests appointment of counsel due to the "complexity" of the case.  (Doc.
10 | 20 at 5).   Petitioner, however, has sufficiently represented himself to date.  From the face of the
11 | Petition for Writ of Habeas Corpus, filed pro se, it appears Petitioner has a good grasp of this case
12 | and the legal issues involved. (Doc. 1).  The Petition in this case was pleaded sufficiently to warrant
13 | this Court's order directing Respondent to file an answer or other responsive pleading to the Petition.
14 | (Doc. 5).  Further, Petitioner filed a Response in Opposition to Respondent's Motion to Dismiss
15 | (Doc. 15), demonstrating he exhausted each ground of his Petition.  Based on his Response, the
16 | Court filed a Report and Recommendation that Respondent's Motion to Dismiss be Denied.  (Doc.
17 | 19). On April 3, 2009, the Honorable M. James Lorenz adopted the Report and Recommendation
18 | denying Respondent's Motion to Dismiss.  (Doc. 21).  At this stage of the proceedings, the Court
19 | finds the interests of justice do not require the appointment of counsel.  Based thereon, Petitioner's
20 | request for appointment of counsel is hereby DENIED without prejudice.
21 | **IT IS SO ORDERED.**
22 | DATED: April 13, 2009
23 |
24 | _____
    | LOUISA S PORTER
    | United States Magistrate Judge
25 |
26 | cc:        The Honorable M. James Lorenz
                all parties
27 |
28 |