1
2
3
4
5
6
7
8
9
10
11
12
13
14

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

JOSEPH RINALDI,

                                    Plaintiff,

          v.

M.E. POULOS, et al.,

                                    Defendant.

Civil No.    08-cv-1637-L (POR)

**REPORT AND RECOMMENDATION
THAT PETITION FOR WRIT OF
HABEAS CORPUS BE DENIED**

**[Document No. 1]**

15                          **I. INTRODUCTION**

16          On September 8, 2008, Petitioner Joseph Rinaldi, a state prisoner proceeding *pro se*, filed a

17  Petition for Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254.  (Doc. 1.)  The

18  Petition raises six ground for relief: (1) ineffective assistance of counsel, (2) improper denial of

19  pretrial motions, (3)  violations of ex post facto laws by the prosecution's imposing a five-year

20  enhancement for Petitioner's serious-felony prior conviction pursuant to California Penal Code §

21  667(a), (4) denial of due process in calculation of custody credits, (5) the prosecution breached

22  Petitioner's plea agreement, and (6) abuse of power by the prosecution.  (Id.)

23          On June 18, 2009, Respondent filed an Answer, asserting (1) Petitioner has failed to present

24  a viable claim because he cannot demonstrate that the state court's resolution of his claims was

25  unreasonable, (2) Petitioner's claims are not cognizable on federal habeas corpus because Petitioner

26  pled guilty in state court, and (3) the state courts reasonably rejected Petitioner's claims, finding

27  they were precluded by Petitioner's waiver of his right to a jury trial.  (Doc. 27.)

28

1    On July 20, 2009, Petitioner filed a traverse, asserting (1) his claims are viable under

2    AEDPA, (2) his claims are all cognizable on federal habeas corpus because his plea was coerced and

3    breached, and (3) the state courts were unreasonable and acted contrary to AEDPA standards.  (Doc.

4    28.)

5    Based upon a review of the parties' pleadings, and in accordance with Local Rule 72.1(d),

6    this Court RECOMMENDS the Petition for Writ of Habeas Corpus be **DENIED**.

7    **II. PROCEDURAL HISTORY**

8    On September 28, 2006, Petitioner entered a negotiated guilty plea to burglary, two counts of

9    grand theft of a firearm, and grand theft of personal property. (Lodgment 2, Volume 3.)  Petitioner

10   also admitted the truth of a strike prior allegation, a serious-felony-prior-conviction allegation, and a

11   prior-prison-term allegation.  (Id.)  At Petitioner's sentencing hearing on October 31, 2006, the trial

12   court dismissed the strike and the prison prior, and sentenced Petitioner to an aggregate term of six

13   years and four months. (Lodgment 2, Volume 4.)

14   Petitioner appealed the judgment.  On September 5, 2007, the state appellate court

15   unanimously affirmed the judgment, and remanded the case to the trial court for a minor correction

16   of the abstract of judgment.  (Lodgment 1.)  Petitioner did not seek further direct review of the

17   judgment in the California Supreme Court.

18   On January 22, 2008, Petitioner filed a petition for writ of habeas corpus in the California

19   Supreme Court.  (Supp. Lodgment 1.)

20   On August 13, 2008, the California Supreme Court denied the petition without comment or

21   citation.  (Lodgment 3.)

22   On September 8, 2008, Petitioner filed the instant federal Petition.  (Doc. 1.)  On September

23   11, 2008, the Court issued an Order requiring a response to the Petition.  (Doc. 5.)  On September

24   22, 2008, Petitioner filed a Notice of Request for Voluntary Dismissal of his unexhausted claims.

25   (Doc. 7.)  On October 17, 2008, the Court denied Petitioner's request for voluntary dismissal

26   without prejudice based on his failure to state which claims he perceived to be unexhausted.  (Doc.

27   8.)

28   On February 11, 2009, the Court issued a Report and Recommendation recommending

1   Respondent's Motion to Dismiss be denied.  (Doc. 19.)  On April 3, 2009, a district court judge

2   adopted the Report and Recommendation, and denied Respondent's Motion to Dismiss.  (Doc. 21.)

3        On June 18, 2009, Respondent filed an Answer.  (Doc. 27.)  On July 20, 2009, Petitioner

4   filed a Traverse.  (Doc. 28.)

5                              **III. STATEMENT OF FACTS**

6        The following facts are taken from the California Court of Appeal opinion in People v.

7   Rinaldi, No. SCD196182 (Cal. Ct. App. September 5. 2007).  (Lodgment 1.)  The Court presumes

8   these factual determinations are correct pursuant to 28 U.S.C.A. § 2254(e)(1).

9        In August 2005, Rinaldi lived with Charles Begley's mother in her house on Mount
     Durbin Drive during her final illness. Rinaldi then lived in a house on Emerald Street with
10   Begley and others.  Rinaldi did not come home on the nights of January 10 and 11, 2006.  On
     January 12, Begley went to the Mount Durbin Drive house and noticed certain items were
11   missing.  The missing items included four firearms (a long-barreled Winchester .33, a .16-
     gauge double-barreled shotgun, a .22 rifle with a scope, and a 30-30 Winchester lever-action
12   short-barrel), jewelry (Begley's mother's wedding ring, a pearl necklace, and a turquoise and
     silver necklace), two bronze statues, a turtle sculpture, an antique teapot, two antique clocks,
13   an abalone shell, tools, a weed whacker, and seven or eight bottles of liquor and wine.
          Begley found the statues, one of the clocks, the teapot, the abalone shell, the weed
14   whacker, and the bottles of liquor and wine at Rinaldi's friend's house with Rinaldi.  Rinaldi
     told Begley he had buried the guns in the park.  They went to the park and Rinaldi produced
15   the 16-gauge double-barreled shotgun and the short-barreled Winchester.  Rinaldi
     acknowledged that he had entered Begley's mother's house and taken the missing items, but
16   claimed his friend had put him up to it and the friend and a third person had helped him.
     Begley found two of his mother's watches and other jewelry stuffed in a chair in Rinaldi's
17   room in the Emerald Street house.  The police found two earrings in Rinaldi's pants pocket.

18   (Lodgment 1 at 2-3.)

19        On October 27, 2006, Petitioner pled guilty to burglary, two counts of grand theft of a

20   firearm, and grand theft of personal property. (Lodgment 2, Volume 4.)  At his sentencing hearing,

21   Petitioner's counsel, Frank Sanchez, indicated Petitioner did not know he was pleading to two

22   strikes and a serious felony prior when he signed his original change-of-plea form on September 28,

23   2006.  (Id. at 101-102.)  Further, the judge informed Petitioner his attorney had "misadvised" him as

24   to the maximum sentence he would face if he were convicted.  (Id. at 106-107.)  Rather than face a

25   potential 16 years in state prison if he were convicted, the judge informed Petitioner the maximum

26   sentence he faced was 13 years, 8 months.  (Id.)

27        In light of the question raised as to whether or not Petitioner was aware of the strikes, the

28   serious felony prior, and the "misadvisal as to the penalties" at the time of entering his plea, the

judge asked Petitioner whether he wanted to withdraw his plea.  (Lodgment 2, Volume 4 at 104, 107.)  Petitioner responded, "Not at this time, no, your Honor."  (Id. at 107.)  Concerned with Petitioner's conditional response of "not at this time," the judge suggested Petitioner speak with his attorney.  (Id. at 107-108.)  After conferring with counsel, Petitioner affirmed his guilty plea.  (Id. at 109.)

On Petitioner's behalf, attorney Frank Sanchez asked the Court to consider a lenient sentence.  (Lodgment 2, Volume 4 at 111.)  Mr. Sanchez told the Court Petitioner assisted in the recovery of the stolen items and indicated Petitioner's most serious offense dated back to 1977, when he acted as an accessory, not a principal.  (Id. at 110-111.)

The judge sentenced Petitioner to state prison for 6 years, 4 months.  (Lodgment 2, Volume 4 at 115.)  However, based on the "nature of the strike in the past, the limited criminality in the intervening years, and the nature of the conduct in this case, in the exercise of [his] discretion," the judge ordered the strike stricken.  (Id. at 114.)  The judge noted Petitioner's total sentence incorporated the application of the serious felony prior, which adds five years to the sentence, and indicated, "[t]he Court has not discretion to strike that."  (Id. at 115.)  Further, the judge stated Petitioner's current credit calculation, which is calculated by the probation department, was zero "because he [had] been in custody on parole violations for matters not related."  (Id.)

## IV. STANDARD OF REVIEW

Title 28, United States Code, § 2254(a), sets forth the following scope of review for federal habeas corpus claims:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).  As amended, the AEDPA now reads:

> (d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding.

28 U.S.C.A. § 2254(d) (emphasis added).

To obtain federal habeas relief, Petitioner must satisfy either §2254(d)(1) or §2254(d)(2). See Williams v. Taylor, 529 U.S. 362, 403 (2000). With regard to §2254(d)(1), the threshold question is whether the rule of law was clearly established at the time petitioner's state court conviction became final. Id. at 406. Clearly established federal law, as determined by the Supreme Court of the United States "refers to the holdings, as opposed to the dicta, of this Court's decisions as of the time of the relevant state-court decision." Id. at 412; see also Lockyer v. Andrade, 538 U.S. 63, 71 (2003). However, Ninth Circuit case law may be "persuasive authority for purposes of determining whether a particular state court decision is an 'unreasonable application' of Supreme Court law, and also may help us determine what law is 'clearly established.'" Duhaime v. Ducharme, 200 F.3d 597, 600 (9th Cir. 2000). Only after the clearly established federal law is identified can the court determine whether the state court's application of that law "resulted in a decision that was contrary to, or involved an unreasonable application of" that clearly established federal law. See Lockyer, 538 U.S. at 71-72.

A state court decision is "contrary to our clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases" or "if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent." Williams, 529 U.S. at 405-06. "A state-court decision involves an unreasonable application of this Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case" or "if the state court either unreasonably extends a legal principle from our precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. Under Williams, an application of federal law is unreasonable only if it is "objectively unreasonable." Id. at 409.

Further, with regard to §2254(d)(2), a state court's decision results in a "decision that was based on an unreasonable determination of the facts in light of the evidence presented in State court proceeding" if it "is so clearly incorrect that it would not be debatable among reasonable jurists." Jeffries v. Wood, 114 F.3d 1484, 1500 (9th Cir. 1997) (citations omitted).

Where there is no reasoned decision from the state's highest court, the Court "looks through"

1   to the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  A

2   state court need not cite Supreme Court precedent when resolving a habeas corpus claim.  Early v.

3   Packer, 537 U.S. 3, 8 (2002).  "[S]o long as neither the reasoning nor the result of the state-court

4   decision contradicts [Supreme Court precedent]," the state court decision will not be "contrary to"

5   clearly established federal law.  Early, 537 U.S. at 8.  If a state court fails to provide a reasoning for

6   its decision, habeas review is not *de novo*, but requires an independent review of the record to assess

7   whether the state court erred in its application of controlling federal law.  Delgado v. Lewis, 223

8   F.3d 976, 982 (9th Cir. 2000).

9                                        **V. DISCUSSION**

10          The Petition raises six grounds for relief.  Petitioner alleges (1) ineffective assistance of

11   counsel,[1] (2) improper denial of pretrial motions, (3) violations of ex post facto laws by the

12   prosecution's imposing a five-year enhancement for Petitioner's serious-felony prior conviction

13   pursuant to California Penal Code § 667(a), (4) denial of due process in calculation of custody

14   credits, (5) the prosecution breached Petitioner's plea agreement, and (6) abuse of power by the

15   prosecution.[2]  (Doc. 1.)

16          Respondent contends (1) Petitioner has failed to present a viable claim because he cannot

17   demonstrate that the state court's resolution of his claims was unreasonable, (2) Petitioner's claims

18   are not cognizable on federal habeas corpus because Petitioner pled guilty in state court, and (3) the

19   state courts reasonably rejected Petitioner's claims, finding they were precluded by Petitioner's

20   waiver of his right to a jury trial.  (Doc. 27.)

21   //

22

23

24   _____

25   [1] Petitioner contends he received ineffective assistance of counsel prior to his guilty plea, during the plea
     process, and later on appeal.  (Doc. 1-2; Doc. 1-4; Doc. 1-5; Doc. 1-6.)  For the sake of clarity, this
     Court will address each alleged instance of ineffective assistance of counsel separately.

26

27   [2] In his Petition, Petitioner sets forth five grounds for relief.  Petitioner does not set forth abuse of power
     by the prosecution as a separate ground.  Rather, Petitioner makes reference to abuse of power by the
     prosecution throughout his entire Petition.  (Doc. 1.)  For the sake of clarity, this Court will address this

28   claim separately and will construe it as Ground 6 of the Petition.

In his Petition, Petitioner raises claims of alleged pre-plea constitutional errors,[3] claims contesting the voluntary and intelligent nature of the plea itself,[4] and claims alleging post-plea constitutional errors.[5]  For the sake of clarity and based upon the law with regard to guilty pleas in the federal habeas corpus context, this Court will address Petitioner's pre-plea, plea-related, and post-plea claims separately.

## 1.   Pre-Guilty Plea Claims

In his Petition, Petitioner raises four claims of alleged constitutional error which occurred prior to him pleading guilty: (1) ineffective assistance of counsel prior to his guilty plea; (2) improper denial of pretrial motions; (3) violation of ex post facto laws; and (4) abuse of power by the prosecution.

Generally, one who voluntarily and intelligently pleads guilty to a criminal charge may not subsequently challenge constitutional violations in federal habeas corpus proceedings.  Tollett v. Henderson, 411 U.S. 258, 267 (1973); Lambert v. Blodgett, 393 F.3d 943, 987 (9th Cir. 2004).  A petitioner who has pleaded guilty may only argue that his guilty plea was not voluntary and intelligent, see Hill v. Lockhart, 474 U.S. 52, 56 (1985), or contend that the advice he received from his counsel was ineffective in violation of the Sixth Amendment.  See McMann v. Richardson, 397 U.S. 759, 771 (1970); see also Tollett, 411 U.S. at 267.  In Tollet, the United States Supreme Court held:

> [A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in McMann.

---

[3] Petitioner's pre-plea claims include: (1) ineffective assistance of counsel prior to his guilty plea; (2) the trial court's improper denial of his § 995 motion; (3)  the trial court's violation of ex post facto laws; and (4) the prosecution's abuse of power.

[4] Petitioner's plea-related claims include: (1) ineffective assistance of trial counsel during the plea process; and (2) breached plea agreement.

[5] Petitioner's post-plea claims include: (1) ineffective assistance of appellate counsel; and (2) denial of due process in calculation of custody credits.

1   <u>Tollet</u>, 411 U.S. at 267; <u>McMann</u>, 397 U.S. at 771 (holding that a defendant who pleads guilty on

2   the advice of counsel may only challenge the voluntary and intelligent nature of the plea by showing

3   that his counsel's advice was below the range of competence demanded of criminal attorneys).

4   **A.      Ground 1: Ineffective Assistance of Counsel Prior to Guilty Plea**

5          In Ground 1, Petitioner contends he received ineffective assistance of counsel prior to his

6   guilty plea.  (Doc. 1-2 at 3, 15.)  Specifically, Petitioner contends public defender John Stathis

7   "failed to object to many conflicting statements at the preliminary hearing" and "refused to file any

8   motions or a 995 motion" (Doc. 1 at 6; Doc. 1-2 at15.)  Further, Petitioner contends public defender

9   Mr. Hochman failed to file any motions, and was "ineffective and incompetent," ultimately

10  depriving Petitioner his constitutional rights and forcing him into "a trial by ambush"  (<u>Id.</u>)

11         Respondent contends that, to the extent Petitioner alleges he received ineffective assistance

12  of counsel before the entry of his guilty plea, such claims are precluded and have been waived by his

13  plea.  (Doc. 27-1 at 6.)

14         Petitioner did not raise the claim of ineffective assistance of counsel prior to his guilty plea

15  on direct review.  (Lodgment 1 at 3-5.)[6]  Thus, the California Court of Appeal did not render a

16  decision on this claim.  Petitioner did raise the claim of ineffective assistance of counsel prior to his

17  guilty plea in his habeas corpus petition submitted to the California Supreme Court.  (Supp.

18  Lodgment 1 at 31.)  The California Supreme Court, however, denied Petitioner's habeas corpus

19  petition without citation of authority or analysis.  (Lodgment 3.)  Thus, with respect to the claim of

20  ineffective assistance of counsel prior to his guilty plea in Petitioner's federal habeas petition, there

21  is no reasoned state court decision to which this Court can "look" from the California Supreme

22  Court's postcard denial.  <u>See Ylst</u>, 501 U.S. at 803.  Therefore, this Court must independently review

23  the record to determine whether the California Supreme Court's rejection of this claim was

24  objectively reasonable.  <u>Delgado</u>, 223 F.3d at 981-82.

25         In light of his guilty plea, in order for Petitioner to succeed on this claim, Petitioner must

26  show the ineffective assistance of counsel he allegedly received prior to the plea process resulted in

27  _____

28  [6] Petitioner did raise ineffective assistance of counsel during the plea process on direct review, which
    this Court will address in the following section.

an involuntary or unintelligent guilty plea.  Tollett, 411 U.S. at 267.  After an independent review of the record, this Court finds Petitioner has failed to allege facts indicating the allegedly ineffective assistance of counsel prior to the plea process contributed to an involuntary or unintelligent guilty plea.  Delgado, 223 F.3d at 981-82.  Although Petitioner alleges public defender John Stathis "failed to object to many conflicting statements at the preliminary hearing" and "refused to file any motions or a 995 motion," Petitioner fails to demonstrate how this led to an involuntary or unintelligent guilty plea.  (Doc. 1 at 6; Doc. 1-2 at15.)  Similarly, although Petitioner contends public defender Mr. Hochman failed to file any motions, and was "ineffective and incompetent," ultimately depriving Petitioner his constitutional rights and forcing him into "a trial by ambush," Petitioner fails to set forth facts that these alleged violations led to an involuntary or unintelligent guilty plea. (Doc. 1-2 at 5; Doc. 1-3 at 1,3.)  Based thereon, the Court RECOMMENDS Petitioner's claim of ineffective assistance of counsel by attorneys John Stathis and Mr. Hochman be **DENIED**.

### B.        Ground 2: Improper Denial of Pretrial Motions

In Ground 2, Petitioner contends the trial court improperly denied various pretrial motions. (Doc. 1-3 at 1.)   Specifically, Petitioner contends the trial court improperly denied his continuance motions, (Doc. 1-2 at 1), his discovery motions (Doc. 1-2 at 1), and his California Penal Code § 995 motion to set aside the information for lack of probable cause.  (Doc. 1-3 at 1-45.)

Respondent contends Petitioner has waived these pre-plea constitutional errors and his claim is not cognizable on federal habeas in light of his voluntary and intelligent guilty plea.  (Doc. 27-1 at 10-11.)

Where there is no reasoned decision from the state's highest court, the Court "looks through" to the underlying appellate court decision.  Ylst v. Nunnemaker, 501 U.S. 797, 801-06 (1991).  As there was no reasoned decision from the California Supreme Court, the Court "looks through" to the decision of the California Court of Appeal, which held Petitioner cannot challenge denial of his pretrial motions as they are pre-plea matters.  (Lodgment 1 at 5.)  Specifically, the Court of Appeal held:

//

//

As part of the plea agreement, Rinaldi waived issues relating to the denial of any suppression motion (§ 1538.5) and issues relating to strikes.  Furthermore, his request for a certificate of probable cause was denied.  Absent a certificate of probable cause, a defendant cannot challenge the validity of a guilty plea on appeal. (§ 1237.5; *People v. Mendez* (1999) 19 Cal.4th 1084, 1095.)  On December 28, 2006, this court accordingly ordered that issues on appeal would be "limited to sentencing questions or other matters occurring after the plea, except for issues involving prior strike convictions."

...

His contentions that the denial of his September 15, 2005, continuance motion forced him into a trial without time to prepare; court-ordered discovery was incomplete; he was denied vital witnesses; and there was false hearsay testimony by a discredited witness with a criminal record are also pre-plea issues.  We therefore address only his contentions regarding custody credits and ineffective assistance of counsel.

(Lodgment 1 at 4-5.)

Here, Petitioner fails to demonstrate the Court of Appeal's decision--to *not* address Petitioner's pretrial motions allegations–is contrary to or an unreasonable application of clearly established federal law or an unreasonable determination of the facts.  As the Court of Appeal noted, Petitioner's contention the trial court improperly denied his pretrial motions is a pre-plea issue. (Lodgment 1 at 5.)  Further, in claiming the trial court improperly denied his pretrial motions, Petitioner does not dispute the voluntary and intelligent nature of the guilty plea he entered in this case.  Thus, in accordance with <u>Tollett</u>, the Court of Appeal properly determined Petitioner could not raise independent claims relating to the deprivation of constitutional rights that occurred prior to his entry of a guilty plea.  411 U.S. at 267.  Based thereon, the Court RECOMMENDS Ground 2 of the Petition relating to Petitioner's pretrial motions be **DENIED**.

### C.     Ground 3: Ex Post Facto

In Ground 3, Petitioner contends imposition of a five-year enhancement for his serious - felony prior conviction pursuant to California Penal Code section 667, subdivision (a) violates ex post facto laws.  (Doc. 1-4 at 1-6.)

Respondent contends Petitioner cannot challenge this enhancement because it was a negotiated aspect of his sentence.  (Doc. 27-1 at 12.)  Moreover, Respondent contends the United States Supreme Court has repeatedly upheld challenges to claims that a recidivist-punishment statute operates as an ex post facto law merely because it considers convictions suffered before the statute was enacted.  (<u>Id.</u>)

1   In the last reasoned state court decision, the Court of Appeal held Petitioner's "challenge to

2   the imposition of the five-year enhancement [is a] pre-plea matter[] that [Petitioner] cannot now

3   challenge." (Lodgment 1 at 5.)

4   Here, Petitioner fails to demonstrate the Court of Appeal's decision rejecting Petitioner's

5   enhancement claim is contrary to or an unreasonable application of clearly established federal law or

6   an unreasonable determination of the facts. As the Court of Appeal noted, Petitioner's contention

7   the trial court improperly imposed a five-year enhancement is a pre-plea issue. (Lodgment 1 at 5.)

8   Further, in claiming the trial court improperly imposed a five-year enhancement, Petitioner does not

9   dispute the voluntary and intelligent nature of the guilty plea he entered in this case. In fact,

10   Petitioner was aware of the five-year enhancement at the time he pled guilty. (Lodgment 2, Volume

11   4 at 104.) Thus, in accordance with <u>Tollett</u>, the Court of Appeal properly determined Petitioner

12   could not raise independent claims relating to the deprivation of constitutional rights that occurred

13   prior to his entry of a guilty plea. 411 U.S. at 267. Based thereon, the Court RECOMMENDS

14   Ground 3 of the Petition relating to Petitioner's five-year enhancement be **DENIED**.

15   **D.      Ground 6: Abuse of Power by Prosecution**

16   In Ground 6, Petitioner contends the prosecution abused its power. (Doc. 1-6 at 1.)

17   Specifically, Petitioner contends the prosecution suppressed a photograph of an unburied rifle, and

18   engaged in discriminatory prosecution. (Doc. 1-3 at 1,3.)

19   Respondent contends Petitioner has waived this pre-plea alleged constitutional error and his

20   claim is not cognizable on federal habeas in light of his voluntary and intelligent guilty plea. (Doc.

21   27-1 at 10-11.)

22   Petitioner did not raise the abuse of power by the prosecution claim on direct review.

23   (Lodgment 1 at 4-5.) Thus, the California Court of Appeal did not render a decision on this claim.

24   Petitioner did raise the abuse of power by the prosecution claim in his habeas corpus petition

25   submitted to the California Supreme Court. (Supp. Lodgment 1 at 36-37.) The California Supreme

26   Court, however, denied Petitioner's habeas corpus petition without citation of authority or analysis.

27   (Lodgment 3.) Thus, with respect to the abuse of power claim in Petitioner's federal habeas petition,

28   there is no reasoned state court decision to which this Court can "look" from the California Supreme

1    Court's postcard denial.  See Ylst, 501 U.S. at 803.  Therefore, this Court must independently review

2    the record to determine whether the California Supreme Court's rejection of this claim was

3    objectively reasonable.  Delgado, 223 F.3d at 981-82.

4              In light of his guilty plea, in order for Petitioner to succeed on this claim, Petitioner must

5    show the prosecution's alleged abuse of power resulted in an involuntary or unintelligent guilty plea.

6    Tollett, 411 U.S. at 267.  After an independent review of the record, this Court finds Petitioner has

7    failed to allege facts indicating the prosecution's alleged abuse of power contributed to an

8    involuntary or unintelligent guilty plea.  Delgado, 223 F.3d at 981-82.  Although Petitioner alleges

9    the prosecution suppressed evidence of an unburied rifle and engaged in discriminatory prosecution

10   because he was gay, Petitioner fails to set forth facts that these alleged violations led to an

11   involuntary or unintelligent guilty plea.  (Doc. 1-2 at 5; Doc. 1-3 at 1,3.)  Based thereon, the Court

12   RECOMMENDS Petitioner's claim related to abuse of power by the prosecution be **DENIED**.

13             **2.      Guilty Plea-Related Claims**

14             In his Petition, Petitioner raises two plea-related claims which contest the voluntary and

15   intelligent nature of the plea itself.  First, in Ground 1, Petitioner contends he received ineffective

16   assistance of counsel during the plea process.  (Doc. 1-2 at 1-66.)  Second, in Ground 5, Petitioner

17   contends the prosecution breached the plea agreement.  (Doc. 1-6 at 1-40.)

18             **A.      Ground 1: Ineffective Assistance of Counsel During Plea Process**

19             In Ground One, Petitioner asserts he received ineffective assistance of counsel during the

20   plea process.  (Doc. 1-2 at 1-66.)  Specifically, Petitioner contends P.C.C. counsel Frank Sanchez

21   was ineffective for the following reasons: (1) He misled Petitioner into pleading guilty by failing to

22   mention the court may impose two strikes and deny him his pre-sentence custody credits (Doc. 1-2

23   at 3, Doc. 1-4 at 1, Doc. 1-5 at 1, Doc. 1-6 at 1); (2) He intimidated Petitioner into pleading guilty by

24   stating Petitioner would get sixteen years in prison if he did not plead guilty (Doc. 1-2 at 3, Doc. 1-4

25   at 1, 4, Doc. 1-6 at 1, 3-4); and (3) He failed to challenge the enhancement allegation.  (Doc. 1-2 at

26   3, Doc. 1-4 at 1.)  Petitioner contends these allegations demonstrate the "involuntary nature" of his

27   guilty plea.  (Doc. 1-4 at 4.)

28

1    Generally, Respondent contends Petitioner freely, voluntarily, and knowingly pled guilty so

2    that his claim of ineffective assistance of counsel is not cognizable on federal habeas review.  (Doc.

3    27-1 at 10-11.)  Further, Respondent contends that even if Petitioner's claim is cognizable on federal

4    habeas review, the appellate court reasonably determined Petitioner failed to make the required

5    showing of evidence to support any ineffective assistance claims arising after he pled guilty.  (Id.

6    at 11.)

7    The United States Supreme Court has delineated the test for ineffective assistance of counsel

8    in the context of a guilty plea:

9        The longstanding test for determining the validity of a guilty plea is "whether
         the plea represents a voluntary and intelligent choice among the alternative courses of
10       action open to the defendant."  North Carolina v. Alford, 400 U.S. 25, 31 [citations
         omitted] (1970); see Boykin v. Alabama, 395 U.S. 238, 242 [citations omitted]
11       (1969); Machibroda v. United States, 368 U.S. 487, 493 [citations omitted] (1962).

12                                                                    ...

13       Where, as here, a defendant is represented by counsel during the plea process
         and enters his plea upon the advice of counsel, the voluntariness of the plea depends
14       on whether counsel's advice was within the range of competence demanded of
         attorneys in criminal cases."  McMann v. Richardson, 397 U.S. 759, 771 [citations
15       omitted] (1970).  As we explained in Tollet v. Henderson, 411 U.S. 258, 267
         [citations omitted] (1973), a defendant who pleads guilty upon the advice of counsel
16       "may only attack the voluntary and intelligent character of the guilty plea by showing
         that the advice he received from counsel was not within the standards set forth in
17       McMann."  Id., at 267...[I]n Strickland v. Washington, 466 U.S. 668 [citations
         omitted] (1984), we adopted a two-part standard for evaluating claims of ineffective
18       assistance of counsel...[T]he same two-part standard seems to us applicable to
         ineffective-assistance claims arising out of the plea process.
19   Hill v. Lockhart, 474 U.S. 52, 56-57 (1985).

20   First, to satisfy Strickland's two-part standard, a petitioner must show that, considering all

21   the circumstances, counsel's performance fell below an objective standard of reasonableness.

22   Strickland, 466 U.S. at 688.  To this end, petitioner must identify the acts or omissions that are

23   alleged not to have been the result of reasonable professional judgment.  Id. at 690.  The federal

24   court must then determine whether in light of all the circumstances, the identified acts or omissions

25   were outside the wide range of professional competent assistance.  Id.  In the context of a guilty

26   plea, the Court must focus on whether the attorney's advice was appropriate under the circumstances

27   existing at the time of the plea.  (Id.)  "We strongly presume that counsel's conduct was within the

28   wide range of reasonable assistance, and that he exercised acceptable professional judgment in all

1   significant decisions made." Hughes v. Borg, 898 F.2d 695, 702 (9th Cir. 1990) (citing Strickland,

2   466 U.S. at 689).

3          Second, a petitioner must affirmatively prove prejudice. Strickland, 466 U.S. at 693.

4   Prejudice is found where "there is a reasonable probability that, but for counsel's unprofessional

5   errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability

6   is "a probability sufficient to undermine confidence in the outcome." Id.; see also Williams v.

7   Taylor, 529 U.S. at 391-92; Laboa v. Calderon, 224 F.3d 972, 981 (9th Cir. 2000). In the context of

8   a guilty plea, in order to satisfy the second, or "prejudice," requirement, "the defendant must show

9   that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty

10  and would have insisted on going to trial." Hill, 474 U.S. at 59. A reviewing court "need not

11  determine whether counsel's performance was deficient before examining the prejudice suffered by

12  the defendant as a result of the alleged deficiencies . . . If it is easier to dispose of an ineffectiveness

13  claim on the ground of lack of sufficient prejudice . . . that course should be followed." Pizzuto v.

14  Arave, 280 F.3d 949, 955 (9th Cir. 2002) (quoting Strickland, 466 U.S. at 697).

15         In the last reasoned state court decision, the Court of Appeal denied Petitioner's claim of

16  ineffective assistance of counsel. (Lodgment 1 at 5-6.) Specifically, the Court of Appeal held:

17         Defendants have a constitutional right to effective counsel in criminal cases. (*Gideon
           v. Wainright* (1963) 372 U.S. 335.) The burden is on the defendant to prove he received
18         ineffective assistance of counsel. To do so, the defendant must show counsel failed to act in
           a manner to be expected of a reasonably competent attorney and that counsel's acts or
19         omissions prejudiced the defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 687-
           688, 691-692.) When reviewing an appeal we are limited to the record before us. (*People v.
20         Roberts* (1963) 213 Cal.App.2d 387, 394.) Here, the record does not support Rinaldi's
           claims that counsel guaranteed him a concurrent sentence, made any misrepresentation or
21         was incompetent.

22  (Id.)

23         Here, Petitioner fails to demonstrate the Court of Appeal's decision that Petitioner received

24  effective assistance of counsel is contrary to or an unreasonable application of clearly established

25  federal law or an unreasonable determination of the facts. In weighing Petitioner's ineffective

26  assistance of counsel claim, the Court of Appeal applied the Strickland standard. (Lodgment 1 at 5.)

27  The Court of Appeal's decision that Petitioner received effective assistance of counsel was neither

28  an unreasonable application of Strickland, nor was it based on an unreasonable determination of the

1    facts.  (Id.)  Accordingly, the Court of Appeal's decision was neither an unreasonable application of

2    Hill, nor was it based on an unreasonable determination of the facts.  Hill v. Lockhart, 474 U.S. 52,

3    56-57 (1985).

4    First, Mr. Sanchez's alleged failure to inform Petitioner of his exposure to two strikes during

5    the plea process could fall below an objective standard of reasonableness under Strickland.  466 U.S.

6    at 687-88; 694.  However, even if counsel's representation fell below an objective standard of

7    reasonableness, Petitioner suffered no prejudice.  Strickland, 466 U.S. at 688.  Although Petitioner

8    was unaware of his exposure to two strikes during the initial plea negotiations, Petitioner was

9    notified of this possibility at his sentencing hearing, prompting the judge to give Petitioner an

10   opportunity to withdraw his plea.  (Lodgment 2, Volume 4 at 107.)  Also, the judge suggested

11   Petitioner speak with his attorney.  (Id. at 107-108.)  After conferring with counsel, Petitioner

12   affirmed his guilty plea with full knowledge of his exposure to two strikes.  (Id. at 109.)  Therefore,

13   Petitioner is unable to "show that there [was] a reasonable probability that, but for counsel's errors,

14   he would not have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

15   Further, Petitioner fails to demonstrate he suffered prejudice because the sentencing judge ordered

16   the strike stricken.  (Lodgment 2, Volume 4 at 114.)

17   Second,  with regard to Petitioner's contention Mr. Sanchez was ineffective because he did

18   not inform Petitioner the court may deny him his pre-sentence custody credits, Petitioner fails to set

19   forth facts to satisfy either prong of the Strickland standard.  The record does not support

20   Petitioner's contention that Mr. Sanchez told Petitioner he would receive his pre-sentence custody

21   credits as part of his guilty plea.  In fact, the sentencing judge points out that "custody credits are

22   calculated by the probation department."  (Lodgment 2, Volume 4 at 115.)  Thus, Petitioner is

23   unable to demonstrate Mr. Sanchez's advice was inappropriate under the circumstances existing at

24   the time of his plea.  See Strickland, 466 U.S. at 690.  Further, as to the prejudice prong, Petitioner

25   does not allege in his habeas petition that, had counsel correctly informed him about the possibility

26   of receiving no pre-sentence custody credits, Petitioner would have pleaded not guilty and insisted

27   on going to trial.  Hill, 474 U.S. at 59.  Nor does Petitioner allege any special circumstances that

28   might support the conclusion that he placed particular emphasis on receiving pre-sentence custody

1    credits in deciding whether to plead guilty.  Therefore, Petitioner is unable to demonstrate he

2    suffered prejudice as relates to his counsel's failure to advise him he would not receive his pre-

3    sentence custody credits.  Strickland, 466 U.S. at 688.

4           Third, Mr. Sanchez's statement to Petitioner he would potentially face sixteen years in prison

5    rather than thirteen years, four months if he did not plead guilty, could fall below an objective

6    standard of reasonableness under Strickland.  (466 U.S. at 687-88; 694; Doc. 1-2 at 3, Doc. 1-4 at 1,

7    4, Doc. 1-6 at 1, 3-4.)  However, even if counsel's representation fell below an objective standard of

8    reasonableness, Petitioner suffered no prejudice.  Strickland, 466 U.S. at 688.  The sentencing judge

9    informed Petitioner of the maximum sentence of 13 years, 4 months prior to Petitioner ultimately

10   pleading guilty.  (Lodgment 2, Volume 4 at 106-107.)  Plus, Petitioner was given the opportunity to

11   speak with his attorney and withdraw his plea after discovering this new information.  (Id. at 107.)

12   Notwithstanding the reduction in the maximum sentence Petitioner could receive, Petitioner pled

13   guilty.  (Id. at 109.)  Therefore, Petitioner is unable to "show that there [was] a reasonable

14   probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted

15   on going to trial."  Hill, 474 U.S. at 59.

16          Fourth, with regard to counsel's failure to challenge the enhancement allegation, Petitioner

17   fails to set forth facts to satisfy either prong of the Strickland standard.  (Doc. 1-2 at 3, Doc. 1-4 at

18   1.) At Petitioner's sentencing, the judge noted the application of California Penal Code section

19   667(a)(1),[7] the serious felony prior, which adds five years to a sentence.  (Lodgment 2, Volume 4 at

20   115.)  The judge also informed Petitioner the "Court has not discretion to strike [the five year

21   enhancement]."  Because the Court lacked discretion in striking the five-year enhancement,

22   Petitioner is unable to demonstrate Mr. Sanchez's failure to challenge the enhancement was

23   inappropriate under the circumstances existing at the time of his plea.  See Strickland, 466 U.S. at

24   690.  Further, when Petitioner pled guilty, he knew the conviction in his case would also constitute a

25   _____

26   [7] Under California Penal Code section 667(a)(1), "any person convicted of a serious felony who
     previously has been convicted of a serious felony in this state or of any offense committed in another
27   jurisdiction which includes all of the elements of any serious felony, shall receive, in addition to the
     sentence imposed by the court for the present offense, a five-year enhancement for each such prior
28   conviction on charges brought and tried separately. The terms of the present offense and each
     enhancement shall run consecutively."

1  serious felony prior under California law, therefore subjecting him to a potential 5 year enhancement

2  to his sentence.  (Lodgment 2, Volume 4 at 104.  Therefore, as to the prejudice prong, Petitioner is

3  unable to "show that there [was] a reasonable probability that, but for counsel's errors, he would not

4  have pleaded guilty and would have insisted on going to trial."  Hill, 474 U.S. at 59.

5        In light of Petitioner's failure to demonstrate Mr. Sanchez was ineffective under Strickland,

6  Petitioner is unable to establish his guilty plea was involuntary.  Hill, 474 U.S. at 56-57.  Thus, the

7  Court of Appeal's finding that the record did not support Petitioner's claim of ineffective assistance

8  of counsel is neither an unreasonable application of Strickland or Hill, nor was it based on an

9  unreasonable determination of the facts.  Strickland, 466 U.S. at 688.  Accordingly, the Court

10  RECOMMENDS Ground One of the Petition relating to Petitioner's claim of Frank Sanchez's

11  ineffective assistance of counsel be **DENIED**.

12                          **B.      Ground 5: Breached Plea Agreement**

13        In Ground 5, Petitioner contends his "plea agreement 'was breached' and 'changed at the last

14  minute,'" which the Court construes as a claim that his plea was involuntary and unintelligent.

15  (Doc. 1-6 at 1.)  Specifically, Petitioner contends his attorney never mentioned two strikes could be

16  imposed as a result of his guilty plea or that his pre-sentence custody credits would be denied.  (Id.)

17  Further, Petitioner contends he was intimidated into signing the plea agreement by his attorney, was

18  under "extreme mental and psychological duress" and under "psychiatric treatment and psychiatric

19  medications."  (Id. at 1, 4, 7.)

20        Respondent contends the record does not support the existence of a breached plea agreement.

21  (Doc. 27-1 at 12.)  Instead, Respondent contends "Petitioner achieved a significant benefit as a result

22  of entering his plea since he was only sentenced to an aggregate term of six years and fourth months

23  out of a possible maximum thirteen years and eight months."  (Id.)  Further, Petitioner contends the

24  record demonstrates Petitioner knowingly admitted in open court that he is in fact guilty of the

25  offenses with which he was charged.  (Id.)

26        As stated previously, typically, one who voluntarily and intelligently pleads guilty to a

27  criminal charge may not subsequently challenge constitutional violations in federal habeas corpus

28  proceedings.  Tollett v. Henderson, 411 U.S. 258, 267 (1973); Lambert v. Blodgett, 393 F.3d 943,

987 (9th Cir. 2004).  A petitioner who has pleaded guilty may only argue that his guilty plea was not voluntary and intelligent, see Hill v. Lockhart, 474 U.S. 52, 56 (1985), or contend that the advice he received from his counsel was ineffective in violation of the Sixth Amendment.  See McMann v. Richardson, 397 U.S. 759, 771 (1970); see also Tollett, 411 U.S. at 267.

Petitioner did not raise the claim of breached plea agreement on direct review.  (Lodgment 1 at 3-4.)  Thus, the California Court of Appeal did not render a decision on this claim.  Petitioner did raise the claim of breached plea agreement in his habeas corpus petition submitted to the California Supreme Court.  (Supp. Lodgment 1 at 16, 96-98.)  The California Supreme Court, however, denied Petitioner's habeas corpus petition without citation of authority or analysis.  (Lodgment 3.)  Thus, with respect to the claim of breached plea agreement in Petitioner's federal habeas petition, there is no reasoned state court decision to which this Court can "look" from the California Supreme Court's postcard denial.  See Ylst, 501 U.S. at 803.  Therefore, this Court must independently review the record to determine whether the California Supreme Court's rejection of this claim was objectively reasonable.  Delgado, 223 F.3d at 981-82.

In light of his guilty plea, in order for Petitioner to succeed on this claim, Petitioner must show the allegedly breached plea agreement resulted in an involuntary or unintelligent guilty plea. Tollett, 411 U.S. at 267.  After an independent review of the record, this Court finds Petitioner fails to allege facts indicating his plea was breached in the first place, or that the allegedly breached plea agreement contributed to an involuntary or unintelligent guilty plea.  Delgado, 223 F.3d at 981-82. As part of his plea agreement, Petitioner admitted a serious felony prior and acknowledged that the only inducement to the plea was the promise that count four (grand theft of a firearm), and count 6 (receiving stolen property) would be dismissed.  (Lodgment 1 at 4.)  Petitioner also stated he understood his plea could result in revocation of parole in other cases, consecutive sentences, two strikes, and a maximum sentence of 13 years eight months.  (Id.; Lodgment 2 Volume 4, at 104.) Although Petitioner alleges his plea was breached because his attorney never mentioned two strikes could be imposed and his pre-sentence custody credits would be denied, the record demonstrates the sentencing judge explicitly told Petitioner about his exposure to two strikes and custody credits were not discussed prior to Petitioner's entry of his plea.  (Lodgment 2, Volume 4 at 104.)  Moreover, the

judge gave Petitioner an opportunity to withdraw his plea and speak with his attorney after

informing Petitioner of the two strikes and before Petitioner pled guilty.  (Id. at 105, 107.)  Further,

the record does not support Petitioner's allegation that he was under "extreme mental and

psychological duress" and under "psychiatric treatment and psychiatric medications."  (Doc. 1-6 at

1,4,7.)  Ultimately, Petitioner's plea agreement was honored and he was sentenced to six years four

months.  (Lodgment 2, Volume 4 at 115.)  Therefore, Petitioner is unable to show his plea was

breached or that it was involuntary or unintelligent.

Based thereon, the Court RECOMMENDS Ground 5 of the Petition relating to the breached

plea agreement be **DENIED**.

### 3. Post-Guilty Plea Claims

In his Petition, Petitioner raises two post-guilty plea claims.  First, Petitioner contends he

received ineffective assistance of appellate counsel.  (Doc. 1-5 at 1.)  Second, Petitioner contends the

trial court erred in calculating his custody credits.  (Doc. 1-5 at 1-6.)

### A. Ground 1: Ineffective Assistance of Appellate Counsel

In Ground 1, Petitioner contends he received ineffective assistance of appellate counsel.

(Doc. 1-5 at 1.)  Specifically, Petitioner contends his appellate counsel failed to "state and use any

favorable case laws."  (Id.)

Respondent contends the state court reasonably determined Petitioner failed to show counsel

did not act in a manner to be expected of a reasonably competent attorney and that counsel's alleged

acts or omissions prejudiced him.  (Doc. 27-1 at 11.)

Claims of ineffective assistance of appellate counsel are reviewed according to the standard

set out in Strickland.  Cockett v. Ray, 333 F.3d 938 (9th Cir. 2003).  Therefore, to demonstrate

ineffective assistance of appellate counsel, Petitioner must show counsel failed to act in a manner to

be expected of a reasonably competent attorney and that counsel's alleged acts or omissions

prejudiced Petitioner.  Strickland, 466 U.S. at 687-688, 691-692.

In the last reasoned state court decision, the Court of Appeal denied Petitioner's claim of

ineffective assistance of counsel.  (Lodgment 1 at 5-6.)  Specifically, the Court of Appeal held: "A

1    review of the record pursuant to *People v. Wende*,[8] *supra*, 25 Cal.3d 436 and *Anders v. California*,[9]

2    *supra*, 386 U.S. 738, including the possible issue listed pursuant to *Anders*, has disclosed no

3    reasonably arguable appellate issues.  Rinaldi has been competently represented by counsel on this

4    appeal." (Lodgment 1 at 6.)

5         Here, Petitioner fails to demonstrate the Court of Appeal's decision that Petitioner received

6    effective assistance of appellate counsel was either an unreasonable application of Strickland, or was

7    based on an unreasonable determination of the facts.  Petitioner asserts he was denied effective

8    assistance of appellate counsel because she failed to "state and use any favorable case laws." (Doc.

9    1-5 at 1.)  Contrary to Petitioner's assertion, however, the Court of Appeal held a review of the

10   record "disclosed no reasonably arguable appellate issues." (Lodgment 1 at 6.)  Therefore, appellate

11   counsel Cindi Mishkin's appellate brief setting forth a summary of the proceedings, but raising no

12   specific issues, complied with the procedures outlined in People v. Wende, and Anders v. California.

13   (Lodgment 3.)  Thus, Petitioner is unable to satisfy the first prong of the Strickland standard, that his

14   counsel's performance fell below an objective standard of reasonableness.  Strickland, 466 U.S. at

15   688.  Further, Petitioner is unable to demonstrate he suffered prejudice as a result of ineffective

16   assistance of appellate counsel because the Court of Appeal afforded Petitioner the opportunity to

17   file a brief on his own behalf.  (Id.; Lodgment 1 at 3.)  Petitioner presented his arguments in a

18   separate brief, which the Court of Appeal addressed in its decision. (Lodgment 1.)   Therefore,

19   Petitioner is unable to establish "there is a reasonable probability that, but for counsel's

20   unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S.

21   at 694. Accordingly, the Court RECOMMENDS Ground One of the Petition relating to Petitioner's

22   claim of ineffective assistance of appellate counsel be **DENIED**.

23   *//*

24

25   _____

[8] In Wende, the Court concluded that Anders requires the court to conduct a review of the entire record

26   whenever appointed counsel submits a brief which raises no specific issues or describes the appeal as frivolous.  25 Cal.3d at 441.

27

[9] In Anders, the Court held appointed appellate counsel who finds his case to be wholly frivolous, after

28   conscientious examination, should so advise the court and request permission to withdraw, supplying a brief referring to anything in the record that might arguably support the appeal.  386 U.S. at 744.

**B.      Ground 4: Custody Credits**

In Ground 4, Petitioner contends the trial court erred in calculating his custody credits.  (Doc. 1-5 at 1.)  Petitioner contends he was promised custody credits as part of his plea negotiation, so that the trial judge erred in granting Petitioner zero days of credit because he had been in custody on a parole violation on an unrelated matter.  (Lodgment 2, Volume 4 at 115.)

Respondent contends Petitioner's allegation fails to raise a federal question.  (Doc. 27-1 at 12.)  Further, Respondent contends the state appellate court reasonably rejected his claim.  (Id.)

To succeed on his habeas petition, Petitioner must show that the appellate court's decision was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.  See 28 U.S.C. § 2254(d).

Generally, a state's interpretation of its laws or rules provides no basis for federal habeas corpus relief when no federal constitutional question arises.  Estelle v. McGuire, 502 U.S. 62, 68 (1991).  Nevertheless, the Ninth Circuit has indicated state laws can give rise to liberty interests cognizable on federal habeas review, and that a federal due process violation can arise from arbitrary rulings.  See Fetterly v. Paskett, 997 F.2d 1295, 1300 (9th Cir. 1993) ("[T]he failure of a state to abide by its own statutory commands may implicate a liberty interest protected by the Fourteenth Amendment against arbitrary deprivation by a state, [and] Ninth Circuit precedent generally supports this proposition."), citing Ballard v. Estelle, 937 F.2d 453 (9th Cir. 1991).

In the last reasoned state court decision, the Court of Appeal rejected Petitioner's custody credit claim.  (Lodgment 1 at 5.)  The Court held: "Because Rinaldi's pre-sentence custody was attributable to his parole violation, and not solely attributable to the instant case, he was not entitled to custody credits.  (People v. Bruner (1995) 9 Cal.4th 1178, 1191.)"  (Id.)

To the extent Petitioner seeks a federal court determination the trial court erred in calculating his custody credits, his request fails under Estelle v. McGuire.  Further, Petitioner fails to demonstrate arbitrary determinations by the appellate court.  (Fetterly, 997 F.2d at 1300.)  In ruling the trial court properly found Petitioner was not entitled to pre-sentence custody credits, the Court of

1  Appeal applied <u>People v. Bruner</u>, which states, "A prisoner is not entitled to credit for presentence

2  confinement unless he shows that the conduct which led to his conviction was the sole reason for his

3  loss of liberty during the presentence period." 9 Cal.4th at 1191.  As the sentencing judge stated,

4  Petitioner was in custody on parole violations in an unrelated matter prior to being sentenced.

5  (Lodgment 2, Volume 4 at 115.)  In light thereof, the Court is unable to conclude the appellate

6  court's decision was arbitrary.  Based thereon, Petitioner has failed to demonstrate a due process

7  violation.  <u>Fetterly</u>, 997 F.2d at 1300.  Accordingly, the Court RECOMMENDS Ground 4 of the

8  Petition relating to calculation of custody credits be **DENIED**.

9  **VI. CONCLUSION**

10         After thorough review of the record in this matter and based on the foregoing analysis, this

11  Court recommends that the Petition for Writ of Habeas Corpus be **DENIED**.  This Proposed

12  Findings of Fact and Recommendation for Disposition of the undersigned Magistrate Judge is

13  submitted to the United States District Judge assigned to this case, the Honorable M. James Lorenz,

14  pursuant to the provision of 28 U.S.C. § 636(b)(1) (2007) and Local Rule 72.1(d).

15         IT IS HEREBY ORDERED that **no later than August 27, 2010**, any party may file and

16  serve written objections with the Court and serve a copy on all parties.  The document should be

17  captioned "Objections to Report and Recommendation."

18         IT IS FURTHER ORDERED that any reply to the objections shall be filed and served no

19  later than ten days after being served with the objections.  The parties are advised that failure to file

20  objections within the specified time may waive the right to raise those objections on appeal of the

21  Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

22         **IT IS SO ORDERED.**

23  DATED:  July 28, 2010

24

25                                                          LOUISA S PORTER
                                                            United States Magistrate Judge

26

27  cc:          The Honorable M. James Lorenz
                 all parties

28